**STATE of Tennessee, Appellee,**

v.

**Willie Eugene FOX, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Aug. 20, 1985.

Permission to Appeal Denied by Supreme Court Oct. 28, 1985.

Mitchell W. Berger, Berger & Berger, Chattanooga, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Robin J. Mitchell, Asst. Atty. Gen., Nashville, Thomas J. Evans, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DWYER, Judge.

Willie Eugene Fox, the appellant, appeals as of right from his convictions of assault to commit murder in the first degree, T.C.A. § 39–604,[1] and aggravated assault, T.C.A. § 39–2–101, with respective sentences of eighteen and six years.

The appellant, his wife and the victims, a Mr. and Mrs. Love, were partners in a Royal Crown Cola distributorship called Love-Fox Beverage, Inc., located in Chattanooga. The business experienced financial difficulties causing the majority of the stock to become vested in Mr. Love, in accordance with his financing the company. The record also reflects that the husbands and wives, at one time, each owned twenty-five (25) percent of the company stock.

On October 14, 1983, while all four partners were present at the plant, the two wives entered into an argument and scuffling match. Immediately thereafter, upon request of the appellant, Mr. Love entered the appellant's office and was struck about the head with a hammer by the appellant causing multiple scalp lacerations, a fractured skull, a fractured eye orbit, and other injuries. Mrs. Love testified that prior to the assault upon her husband she heard the appellant twice state, "I'm going to kill you, you SOB." An employee, Ed Kirkland, pulled the appellant off Mr. Love. When Mr. Love was taken out of the office, appellant broke away from the employee and Mrs. Love heard appellant shout, "I'm going to finish that SOB off." At that time, Mrs. Love was then struck in the eye with the hammer wielded by the appellant. She suffered a severe eye injury, the loss of two teeth, and other injuries.

At trial, appellant testified giving his version of the facts. When Mr. Love entered appellant's office, appellant stated he could hear the women arguing. Appellant testified that there was a hammer lying on his desk, that both he and Mr. Love reached for it at the same time, and that the next thing he remembered was driving down the highway.

On this appeal, several issues have been presented for our consideration. To begin, appellant challenges the sufficiency of the evidence. Therefore, the issue presented for our review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence supports both verdicts. From the statement, "I'm going to kill you, you SOB" and the repeated blows which followed, the element of premeditation could easily be found by a rational jury. *Houston v. State*, 593 S.W.2d 267 (Tenn.1980); *State v. LaChance*, 524 S.W.2d 933 (Tenn. 1975). The evidence also fully supports the aggravated assault conviction of appellant for striking Mrs. Love with the hammer, as the essential elements of aggravated assault could be and were found by the jury. This issue is accordingly overruled.

Next, appellant is aggrieved with several of the court's instructions to the jury. Specifically, appellant maintains that the trial

---

1. The jury was instructed in accordance with former § 39–604, Assault with intent to commit murder, now encompassed in § 39–2–103.

court erred: (a) by improperly instructing the jury concerning how the elements of passion and malice should be considered in light of the offenses charged; (b) by refusing to instruct the jury, as requested by appellant, concerning how suppressed anger relates to passion; (c) by instructing the jury that they "... may consider the manner and nature of any assault," when considering the element of premeditation; (d) and by failing to instruct the jury that *each element* of the offense charged must be proven beyond a reasonable doubt before the jury can render a guilty verdict.

We have examined the jury instructions as given by the trial court. The instructions dealing with passion and malice were adequate, and as such, sub-issue (a) is overruled. In denying appellant's special request for an instruction defining suppressed anger in relation to passion, there was no error. Where the charge as given fully and fairly states the applicable law, it is not error to refuse a special request. *Edwards v. State*, 540 S.W.2d 641 (Tenn.1976). This being the case at hand, sub-issue (b) is overruled. Concerning sub-issue (c), it is well settled in this State that premeditation remains a question of fact for the jury to decide from "all of the circumstances." *See Houston v. State, supra; State v. Story*, 608 S.W.2d 599 (Tenn.Crim.App.1980). The "manner and nature" of the assault are "circumstances" which a reasonable jury may take into account when determining whether the assault was premeditated. As such, we fail to see where appellant was prejudiced by having the jury instructed that it "... may consider the manner and nature of any assault." Sub-issue (c) is overruled. The final sub-issue raised by appellant shall not be addressed by the Court as the appellant has failed to preserve this issue for appeal. *See* T.R.A.P. 3(e), 36(a).

Next, appellant maintains that he did not receive a fair trial because the State's conduct prior to and during trial was improper. In relation to this contention, appellant specifies several instances of alleged misconduct. First, appellant asserts that the State withheld an exculpatory statement made prior to trial by a witness, Ed Kirkland. During trial, Mr. Kirkland testified for the defense. His prior statement, made an exhibit at the motion for new trial, simply reiterates his testimony. There is no error here. This issue is overruled.

The next issue also involves Mr. Kirkland. Appellant maintains that he was denied a fair trial because Mr. Kirkland was reluctant, while testifying, to expand on any questions asked of him. In a signed affidavit, Mr. Kirkland relates that he was a reluctant witness because he felt pressure was being applied by his then current employers, the victims, and the State. Although he may have been a reluctant witness, Mr. Kirkland's testimony, as he states in the affidavit, was still the truth. Simply put, in no fashion is this a *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) violation. This issue is overruled. Finally, appellant complains of the State's alleged misconduct during opening and closing arguments, during direct examination of one of its own witnesses, and during the State's cross-examination of character witnesses for the defense. Appellant states that the improprieties complained of hampered the jury's ability to weigh the evidence and to determine the mental state of appellant at the time of the assault. These broad complaints have been evaluated and found to be meritless. This issue is overruled.

Next, appellant states that the trial court erred in denying his motion to examine the business records of the distributorship. He contends that the records were relevant to show the pressure on him which allegedly had an effect on his mental condition. Appellant relies on Tenn.R. Crim.Proc. 16(a)(1)(C) for support. To be discoverable under Rule 16(a)(1)(C), the records must be "... within the possession, custody or control of the State..." *State v. Fears*, 659 S.W.2d 370, 378–379 (Tenn. Crim.App.1983). Since the records were not in the custody of the State, they were not discoverable under the rule. Further,

the details of prior business disputes between the appellant and Mr. Love were not relevant. *E.g., State v. Banks*, 564 S.W.2d 947, 949 (Tenn.1978). This issue is overruled.

■ In his next issue, appellant concedes that the Class X felony statute has been found to be constitutional, *State v. Taylor*, 628 S.W.2d 42 (Tenn.Crim.App.1981), but he urges that its application to him violates his rights under the 8th Amendment to the United States Constitution and the due process clause. Specifically, appellant states that, under the charge as given by the trial court, the same *mens rea* is required for aggravated assault, T.C.A. § 39–2–101, assault with intent to commit felony, T.C.A. § 39–2–102, and assault with intent to murder, T.C.A. § 39–2–103. Appellant therefore argues that the punishment received is cruel and unusual because the same *mens rea* is required for several different crimes carrying disparate levels of punishment. In the first place, appellant has not shown where the punishment imposed violated his constitutional rights. In the second place, under the charge as given, the jury could certainly distinguish the *mens rea* required for each of the charged crimes. Thus, since the charge as given was adequate and since the Class X felony statute has been found to be constitutional, we find no merit in the appellant's argument. The issue is overruled.

In the last issue, appellant argues that he was improperly sentenced to a total of twenty-four years for no purpose other than retribution, and that the sentence therefore was not in conformity with the Criminal Sentencing Reform Act of 1982. *See* T.C.A. § 40–35–101, *et seq.*

■ The State contends the punishment, being within the limits of the law, is not excessive. We are not in accord with the State as to this argument. However, we are also not persuaded by the appellant's argument that there have been less stringent sentences for felonies more serious than here. There was a full sentencing hearing during which the trial court became aware that appellant was a first time offender, had been a successful businessman, and possessed many other positive attributes. In sentencing appellant, the trial court found that appellant crushed Mrs. Love's face and found that his acts were incredibly cruel and harsh. The sentencing is implicit in conforming with T.C.A. § 40–35–103. We find no error here. The last issue is overruled, and the judgment of the trial court is affirmed.

BYERS, J., and RICHARD R. FORD, Special Judge, concur.